(May 14, 1902.)

## CITY OF WARDNER v. PELKES.

[69 Pac. 64.]

INCORPORATION OF TOWNS AND VILLAGES.—Under the provisions of section 2224 of the Revised Statutes of 1887, prior to its repeal, the petition for the incorporation of a town or village, as well as the order of incorporation, was required to contain an accurate description of the metes and bounds of such town or village, and if they did not contain such description the order of incorporation was void.

SAME—REPEAL OF STATUTE.—An act entitled 'An act to provide for the organization, government and powers of cities and villages,' approved March 4, 1893 (see Sess. Laws 1893, p. 97), and re-enacted in 1899 (see Sess. Laws 1899, p. 192), provides a complete scheme or plan for the organization, government and power of cities and villages, and repeals all prior acts upon that subject.

MISCITATION OF STATUTE AND SUFFICIENCY OF PETITION AND ORDER. A miscitation of a section of the statute in a petition and order for the incorporation of a town or village will not make such petition and order void. And held that the position and order were in substantial compliance with the statute.

POWER OF LEGISLATURE.—The legislature has the power to authorize the inhabitants of a town or village to designate in their petition for incorporation the metes and bounds of such town or village, subject to review by the board of county commissioners and on appeal by the district court.

SCOPE OF STATUTE.—The provisions of said section 40 of said act of 1893 and 1899 authorize the incorporation of towns and villages containing more than one thousand inhabitants.

' (Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Charles E. Miller and W. W. Woods, for Appellants Holman and Keating.

A private individual, in a purely collateral manner, seeks to have the court pass upon the question as to whether a municipal corporation was legally constituted—a question that lies between the corporators and the state. The state may raise the question by *quo warranto,* or other direct proceeding, but it is no concern of private individuals. (Cooley's Constitutional Limitations, 390, 391.) Matter in a heading which is simply, or in effect, *descriptio personae,* cannot be made to perform the office of an allegation or finding in the matter to follow. (*White v. Mullins,* 3 Idaho, 434, 31 Pac. 801.) The insuperable objection is the total failure to describe the territory which is to constitute the proposed corporation. The statute says it shall be designated by metes and bounds. The description in the petition and order is simply that of lines which inclose nothing. (*State v. Inhabitants of Pocatello,* 3 Idaho, 174, 28 Pac. 411; *Eggleston v. Warner,* 46 Mich. 610, 10 N. W. 37; *Bowers v. Andrews,* 52 Miss. 596.) It is confidently submitted that an inspection of the various steps taken, which resulted in the alleged incorporation of Wardner as a city in 1902, will reveal a misconception of the policy of the laws of the state upon the subject of municipal corporations and sustain the position of the appellants Holman and Keating in their objections. The original act, with reference to municipal incorporation, is section 2224 of the Revised Statutes of 1887. Nothing is shown as to what territory is actually occupied for village purposes, nor is there any statement whatever as to population. The order of the board is still wider of the mark. To begin with, it proceeds to incorporate Wardner as a city under the provisions of section 2224 of the Revised Statutes as to the repeal of which there can be no manner of doubt; and while there is a finding that the petition is signed by a majority of all the taxable inhabitants regardless of sex, there is no finding whatever as to the most material facts of all, to wit, the number of actual inhabitants of the proposed village, and the metes and bounds of the territory

actually occupied by the proposed village, to which the incorporation must be limited. A strict compliance with the conditions precedent contained in the statute is absolutely necessary to insure a valid incorporation. (*People v. Riverside,* 66 Cal. 288, 5 Pac. 350; *Page v. Board,* 85 Cal. 54, 24 Pac. 607; *People v. Gunn,* 85 Cal. 246, 24 Pac. 718.)

Heyburn & Heyburn, for City of Wardner.

The board of commissioners on April 14th made an order, in which they recite that a petition of a majority of the taxable inhabitants of the town of Wardner, praying for the incorporation of the same, had been presented to them, and therefore made an order declaring the town of Wardner incorporated, and describe the limits of the town exactly as they are described in the petition, and as given above. The question arising is as to whether or not this was a valid incorporation of the town of Wardner, notwithstanding the noncompliance, technically, with the Revised Statutes of Idaho in describing the character of the petitioners as being male taxpayers, and notwithstanding the somewhat indefinite description of the limits and boundaries of the corporation. It is urged that this description is too indefinite, and that because of this indefinite description, the town of Wardner never was really incorporated. The court will not place a strict construction on the statute. (Idaho Rev. Stats., sec. 4; *State v. Inhabitants of Town of Pocatello,* 2 Idaho, 908.) As set forth in the agreed statement of facts adopted as the findings of the court, the incorporation was only maintained up to the year 1893, since which time no officers have been elected, no meetings held and no corporate powers exercised. If it was legally incorporated, then, under the authority of *People v. Bancroft,* 3 Idaho, 356, 29 Pac. 112, decided by this court, it is an existing and valid corporation. A general statute, without express words, will not repeal the provisions of a former one unless the two acts are irreconcilably inconsistent. (*People v. Lytle,* 1 Idaho, 143.) Location of town on mineral lands. (*Davis, Administrator. v. Wiebold,* 139 U. S. 507, 519, 11 Sup. Ct. Rep. 628;

*Alford v. Barnum,* 45 Cal. 482; *Merrill v. Dixon,* 15 Nev. 401; *Cowell v. Lammers,* 21 Fed. 200.)

John P. Gray, for Respondent Pelkes joins in and adopts the brief of appellant for City of Wardner.

SULLIVAN, J.—This proceeding involves the corporate existence of the city of Wardner, Shoshone county. At the January, 1902, meeting of the board of county commissioners of said county, a petition signed by four hundred and twenty-eight of the taxable male inhabitants of the city of Wardner was presented to the board, praying that the said city of Wardner be incorporated, and be granted such rights as are provided by the laws of Idaho, the petition describing the boundaries of said incorporation according to the subdivisions of the public land surveys, containing a total area of three hundred and twenty-one and four-tenths acres, and a total claimed area of three hundred and nineteen and five hundred and three thousandths acres, to which petition was attached a map of the proposed city of Wardner. On the seventeenth day of January, 1902, the board of county commissioners, having considered the petition, granted the prayer thereof. Said order incorporating the city of Wardner sets forth that a majority of the taxable male inhabitants, as well as a majority of the taxable inhabitants, of the said city of Wardner, had petitioned the said board that the said city of Wardner be incorporated, and further sets forth the metes and bounds of the proposed city of Wardner, with the adjacent bounds thereof, in all not exceeding six miles square, and recites that the board was satisfied of the reasonableness of the prayer of the petition, and, pursuant to the provisions of section 2224 of the Revised Statutes of Idaho, declared said city of Wardner incorporated, and in the order described the same according to the public land surveys of the United States. The board further ordered that the corporate powers and duties of the said city of Wardner be vested in a board of trustees, and appointed Richard Toner, Alfred Page, Hugh France, W. F. Goddard, and David Reese as such board of trustees. Publication of said proceedings was

first made in the "Wallace Press," a newspaper published at Wallace, Shoshone county, Idaho, in the issue dated January 25, 1902; and within twenty days thereafter W. H. Holman, declaring himself to be a citizen and taxpayer of the city of Wardner, and John Keating, declaring himself to be a citizen and taxpayer of the city of Wardner, feeling themselves to be aggrieved by said order, gave notices of appeal to the district court of the first judicial district of the state of Idaho, in and for the county of Shoshone. Thereafter, on the twentieth day of February, 1902, within ten days after the filing of the appeals from the order of the board, John Pelkes, declaring himself to be a citizen and taxpayer of said town of Wardner, by leave of the court filed his complaint in intervention, setting up therein that the act of the board in incorporating said city of Wardner on the seventeenth day of January, 1902, was illegal and void. The intervener sets forth in his complaint that on April 14, 1891, in answer to a petition of a majority of the taxable inhabitants praying for the incorporation of the town of Wardner, describing the boundaries thereof, the board of county commissioners of Shoshone county declared the town of Wardner incorporated, and described the boundaries thereof as follows, to wit: Commencing at the center of the main street of Wardner, where it intersects with the Emma and Last Chance millsite; then running five hundred feet west, and then five hundred feet east; thence running north with Main street, or county road to the town of Kellogg, to the street in the town of Milo bounding the private residence of Jacob Goetz on the north; and thence running from the center of said street five hundred feet east; and thence five hundred feet west. And the board appointed five trustees, in whom were vested the proper power and authority. The intervener then alleges that the said corporation of the town of Wardner has never been dissolved, but still exists, and is in full force and effect. The case came on to be heard before the court on the twenty-seventh day of February, 1902, at a special term, upon an agreed statement of facts. After argument the court took the matter under advisement, and on the fourth day of March

entered judgment in favor of the intervener, and, under stipulation of the parties, adopted the statement of facts as the findings of fact of the court. The judgment was in favor of the intervener, holding that by virtue of the act of the board of county commissioners of said county on April 14, 1891, the inhabitants of the town of Wardner were duly incorporated as a city, and that the act of said board had on the seventeenth day of January, 1902, attempting to incorporate said town, was void, and of no effect, because of the former order of April 14, 1891, incorporating said town. From said judgment the city of Wardner, W. H. Holman, and John Keating appealed.

It was stipulated that the statement of the case then prepared and settled might be used by each of said appellants on appeal, and that each of said appeals might be heard on the same transcript, thus avoiding the expense of printing three transcripts of the record. The record contains an agreed statement of facts, which statement, in part, is as follows, to wit: "In the above-entitled proceeding on appeal the following facts are hereby stipulated, upon which the court may determine the validity of all proceedings of the board of commissioners of Shoshone county, state of Idaho, affecting the incorporation of the town of Wardner." Under the stipulated facts this court is called upon to determine whether the inhabitants of the city of Wardner are living under a valid municipal government; and, if so, whether under the original incorporation of April 14, 1891, or under the incorporation of January 17, 1902.

At the outset, counsel for appellants Holman and Keating contend that the intervener, Pelkes, was simply a meddler, without standing in court, and for that reason contend that the act of the board of county commissioners attempting to incorporate said town on April 14, 1891, is not before this court. Under the stipulated facts, we are not called upon to decide that question, as counsel have stipulated the facts upon which the court may determine the validity of "all proceedings"—not only of those of January 17, 1902, but "all proceedings" of the board of county commissioners of said county "affecting the incorporation of the town of Wardner"—which

stipulation certainly includes the proceedings of April 14, 1891. Counsel have thus submitted for consideration the acts of incorporation of date April 14, 1891, as well as the acts of said board of January 17, 1902.

The attempted incorporation of said town was made on April 14, 1891, under the provisions of section 2224 of the Revised Statutes of 1887, which section provides, *inter alia,* that the petition must set forth "the metes and bounds of their town or village, with adjacent bounds," etc., and, in case the board declare such town or village incorporated, they must designate in the order so made the metes and bounds thereof, etc. The boundaries or metes and bounds of said town, as set forth in said petition, are as follows, to wit: "Commencing at the center of the main street of Wardner, where it intersects with the Emma and Last Chance patent and then running five hundred feet west; thence five hundred feet east; thence running north with Main street, or county road to the town of Kellogg, to the street in the town of Milo bounding the private residence of Jacob Goetz on the north; thence running from the center of said street five hundred feet east; and thence five hundred feet west." That description of the metes and bounds of said town is indefinite and uncertain, and does not meet the requirements of the statute. It does not describe the metes and bounds of any tract of land whatever, and is not a substantial compliance with said provisions of said section 2224 of the Revised Statutes, and said attempted incorporation is therefore void.

The next question for consideration is, Is the incorporation of January 7, 1902, valid? The petition to the board of county commissioners for the incorporation of said town, as well as the order made under it, refers to section 2224 of the Revised Statutes of 1887; and it is contended by counsel for appellants Holman and Keating that said section was repealed by that very comprehensive act, of one hundred and seven sections, entitled "An act to provide for the organization, government and powers of cities and villages," approved March 4, 1893, and re-enacted, with four additional sections, in 1899.

·(See, respectively, Laws 1893, p. 97, and Laws 1899, p. 192.) And for that reason it is contended that said order of the board is void. Said section 2224 of the Revised Statutes of 1887 is as follows: "When a majority of the taxable male inhabitants of any town or village, within this territory, present a petition to the board of county commissioners of the county in which said town or village is situated, setting forth the metes and bounds of their town or village, together with the adjacent bounds, in all not exceeding six miles square, which they de-·sire to include therein, and praying that they may be incorporated, and police established for their local government, and the county commissioners are satisfied that a majority of the taxable male inhabitants of such town or village have signed such petition and that the prayer of the petitioners is reasonable, the board of county commissioners may declare such town or village incorporated, designating in such order the metes and bounds thereof; and thenceforth the inhabitants within such bounds are a body politic and corporate, by the name and style of the inhabitants of the town of, or village of (naming it), and by that name they and their successors shall be known in law, have perpetual succession (unless such corporation be dissolved), sue and be sued, implead and be impleaded, defend and be defended, in all courts of law and equity, and in all actions, pleas and matters whatsoever; may grant, purchase, hold and receive property, real and personal, and may lease, sell, and dispose of the same for the benefit of the town, and may have a common seal, and break and alter the same at pleasure." And section 40 of the act of March 4, 1893, as re-enacted in 1899, is as follows: "Any town or village containing not less than two hundred nor more than one thousand inhabitants, now incorporated as a city, town or village, under the laws of this state, or that shall hereafter become organized pursuant to the provisions of this act, and any city of the second class which shall have adopted village government as provided by law, shall be a village, and shall have the rights, powers and immunities hereinafter granted, and none other, and shall ·be governed by the provisions of this subdivision; provided,

that cities of the second class heretofore incorporated, and con-taining not more than fifteen hundred inhabitants, shall con-tinue to be and exercise the powers of cities of the second class, and the officers thereof shall continue to exercise the powers conferred herein upon officers of such cities, until the first gen-eral election held therein, and the qualifications of village offi-cers elected at said election: provided, further, that whenever a majority of the taxable inhabitants of any town or village, not heretofore incorporated under any law of this state, shall present a petition to the county board of the county in which said petitioners reside, praying that they may be incorporated as a village, designating the name they wish to assume and the metes and bounds of the proposed village; and if such county board, or a majority of the members thereof, shall be satisfied that a majority of the taxable inhabitants of the pro-posed village have signed such petition, and that inhabitants to the number of two hundred or more are actual residents of the territory described in the petition, the said board shall declare the said proposed village incorporated, entering the order of incorporation upon their records, and designating the metes and bounds thereof; and thereafter the said village shall be governed by the provisions of this act applicable to the government of villages. And the said county board shall, at the time of the incorporation of said village, appoint five per-sons having the qualifications provided in section 42 of this act, as trustees, who shall hold their offices and perform all the duties required of them by law, until the election and qualification of their successors at the time and in the manner provided in this act." It will be observed, from a comparison of the provisions of said section, that the latter section is a substitute for the former, or a modification of it; and, as the provisions of said section 2224 are not directly repealed by the repealing clause of the latter act, the question is presented whether said section is repealed or not. Conceding that said section 2224 has been repealed or superseded by the provisions of said section 40 of the acts of 1893 and 1899, then is said order incorporating said town void? We think not, if the peti-

tion and order are in substantial compliance with the provisions of said section 40. A miscitation of the section of the statute in said petition and order would not make such petition and order void. On an examination of said petition and order, we conclude they substantially comply with the provisions of said section 40.

The petition is signed by four hundred and twenty-eight of the taxable male inhabitants of said city of Wardner. The name of the town is designated, and also the metes and bounds, by legal subdivisions, as per United States government survey, are given. It is recited in the order of incorporation that a petition, not only of a majority of the taxable male inhabitants of said city, but a majority of all the taxable inhabitants of said city of Wardner, has been presented to said board, praying for the incorporation of said city, and that said petition is signed by a majority of all the taxable inhabitants of said proposed city, regardless of sex; that the prayer of said petition is reasonable, and in said order the metes and bounds of said city are designated clearly and with certainty, the same as in the petition, and an order directing that thenceforth the inhabitants within the boundaries therein described shall be a body politic and corporate by the name and style of the city of Wardner. We find that the provisions of the law have been substantially complied with in the incorporation of said town as a village on January 17, 1902, and that the court erred in holding that the order of said board made on April 14, 1891, was valid, and the order made on January 17, 1902, was void.

It is contended that the board failed to find that the inhabitants to the number of two hundred or more are actual residents of the territory described in the petition, as required by the provisions of said section 40, and for that reason said order is void. While the words "actual residents" do not appear in said order, the words "taxable inhabitants" are used several times; and as it is shown that four hundred and twenty-eight of the taxable inhabitants signed said petition, and so recited in the order of incorporation, we think that a sufficient finding of the fact under consideration. Webster defines "in-

habitant" as a "resident." If, however, it be a fact that two hundred of said inhabitants were not actual residents of said town, the presumption of that fact arising from the record might have been rebutted by appellants.

It is contended that the power to fix the boundaries of a town or village as was done in this case could not be done, as no such power has been delegated by the legislature. Several decisions are cited in support of that proposition. The law authorizes the petitioners, in their petition, to designate the boundaries or metes and bounds of the town or village, and it is the duty of the board to definitely fix the metes and bounds if the prayer of the petitioners is granted. If it is found that they are reasonable, the board may so find, as was done in this case, and any person aggrieved is given a remedy. It is not shown, nor attempted to be shown, that the land described in the petition and order is an unreasonable amount of land to be included in said corporation. It includes only three hundred and twenty-one and four-tenths acres, and that would not be *prima facie* evidence that that was an unreasonable amount of land to be included in a village containing a population of two thousand two hundred.

It is contended that said section 2224 of the Revised Statutes of 1887 has been repealed, and that there is no provision of law for the incorporation of towns containing more than one thousand inhabitants; and that, as said city of Wardner contains more than that population, the action of said board incorporating said city was *coram non judice.* We cannot agree with this contention. The provisions of said section 40 of the acts of 1893 and 1899 are broad enough to, and do, authorize the incorporation of towns containing more than one thousand inhabitants. The second proviso of said section was intended to apply to such cases as the one at bar, and reads as follows: "That whenever a majority of the taxable inhabitants of any town or village, not heretofore incorporated under any law of this state, shall present a petition to the county board of the county in which said petitioners reside, praying that they may be incorporated as a village, designating the name

they wish to assume and the metes and bounds of the proposed village; and if such county board, or a majority of the members thereof, shall be satisfied that a majority of the taxable inhabitants of the proposed village have signed such petition, and that inhabitants to the number of two hundred or more are actual residents of the territory described in the petition, the said board shall declare the said proposed village incorporated, entering the order of incorporation upon their records, and designating the metes and bounds thereof; and thereafter the said village shall be governed by the provisions of this act applicable to the government of villages."

We therefore conclude that the incorporation of said city of Wardner made on January 17, 1902, was valid; that the judgment of the district court must be reversed, and the cause remanded, with directions to enter judgment in accord with the views expressed herein; and it is so ordered.

Quarles, C, J., and Stockslager, J., concur.