226 P.2d 484

## In re VILLAGE OF CHUBBUCK.

Nos. 7663, 7664.

Supreme Court of Idaho.
Dec. 22, 1950.

Rehearing Denied Jan. 31, 1951.

Zener & Peterson, Pocatello, for appellant.

Black & Black, Pocatello, for respondent.

GIVENS, Chief Justice.

November 22, 1949, a petition reciting there were more than 125 actual residents of the territory described therein (about 160), and signed by a majority of the taxable inhabitants therein, was filed with the County Commissioners of Bannock County asking the incorporation of the described area, comprising some fifteen acres, as the Village of Chubbuck.

The County Commissioners were not in session at that time and thereafter and before any action was taken upon the said petition, a second petition covering a larger area, including the area described in the first, signed by a majority of the taxable inhabitants of the 500 actual residents of the area therein described, comprising some 345 acres, was filed asking for its incorporation.

Parenthetically (because of the imperative necessity of a correct description, City of Wardner v. Pelkes, 8 Idaho 333, 69 P. 64) we call attention to what appears to be a discrepancy between the designated distances on the map (Respondents' Exhibit 3, attached hereto, modified to show by the broken lines in the center of the plat the area in the first petition and the heavy outside lines the boundaries of the area in the second petition) and the courses in the description, in this portion of the west line: " * * * to the intersection with 'Stuart Lateral', thence N-42°00'—W along said lateral *650* (?) feet to the intersection with the South right-of-way of Chubbuck Road, thence S-89°29'—E along said right-of-way 575.0 feet to the intersection with the W 1/16 line of said section 10, * * *." (Emphasis ours.)

The designated distance south along the east line from Chubbuck Road to the south line of the proposed village is 1985.3 feet plus 661.0 feet or 2646.3 feet. From the south line north on the west side to Stuart Lateral is given as 1970 feet, thus the distance from the intersection with the Lateral north to Chubbuck Road would be 2646.3

feet minus 1970 feet or 676.3 feet and, therefore, with the two sides of the purported right angle triangle first above noted, 575 feet east and west and the east side north and south 676.3 feet, the hypotenuse or course along the Stuart Lateral, to close, would have to be more than 650 feet.

Thereafter, the Board of County Commissioners, after viewing the premises, denied the first petition and granted the second December 5, 1949. Those interested in the first petition thereupon appealed to the District Court under Section 31-1509, I.C. and a trial de novo was held. The parties stipulated that both petitions contained the requisite number of signatures.

Exhaustive evidence was introduced by the proponents of both petitions with regard to the desirability, feasibility, and good and bad points in incorporating the smaller or larger areas and underlying resident reasons and attitudes, pro and con.

The trial court, as to the first petition, found: "That the above described area did not include all of the 'village' of Chubbuck, as the same existed in fact prior to any Petition for Incorporation with the ordinarily accepted definition of the term 'village'," and with reference to the second petition, as follows: "That the above described area did include all of the 'village' of Chubbuck as well as agricultural areas in addition to the unincorporated 'village' of Chubbuck as the same existed in fact prior to any Petition for Incorporation, and included all of the persons resident within the 'village' of Chubbuck as the same existed in fact

prior to any Petition for Incorporation, and as the term 'village' is used in its ordinarily accepted sense," and granted the first petition on the declared ground it was first in time and, therefore, first in right.

Appellants herein argue the word 'village' in Section 50-701, I.C. comprehends the entire settlement as a unit and not a portion thereof and that such connotation so pervades the statute as to be controlling.

Respondents, on the other hand, justify the judgment because the first petition was signed by more than a majority of the taxable inhabitants in the described area containing more than 125 actual residents and, therefore, it was the mandatory duty of the Board and Court, without discretion or determination of whether the described area covered all of the extended village, to grant the petition.

Respondents further urge that municipal facilities could serve a smaller, more compact area village more economically and efficiently.

Contra is the showing that a majority of the taxable inhabitants of the larger territory, which included the smaller, was satisfied with and willing to assume the burden of furnishing municipal facilities to the entire area.

The statute, with sufficient clarity, contemplates that underlying the specific requirements above noted, there is the overall necessity of determining that any area which is sought to be incorporated must exist as a unit and constitute a village in

64

fact. Hence, in this case where there are two rival petitions, one including the area in the other, the legislative intent that the existence of a "village" as commonly understood is the determining feature, is sufficiently apparent to justify the conclusion that such factor is the over-all consideration which controls. The determination of whether such a unit in fact exists and its extent, where there is a conflict of petitions, or otherwise, would be first for the Board of County Commissioners, and on review, the District Court. The specific finding as made by the court clearly shows the Board of County Commissioners did not abuse their discretion in granting the second petition and ordering that area incorporated as the Village of Chubbuck. Therefore, the judgment of the Court is reversed and causes remanded with instructions to affirm the order of the County Commissioners. No costs allowed.

PORTER, TAYLOR, KEETON, and THOMAS, JJ., concur.